479 So.2d 310 (1985)
OSCEOLA COUNTY, Florida, Appellant,
v.
BUMBLE BEE CONSTRUCTION, INC., etc., Appellee.
No. 85-10.
District Court of Appeal of Florida, Fifth District.
December 12, 1985.
*311 John B. Ritch, Kissimmee, for appellant.
Leslie King O'Neal of Markel, McDonough & O'Neal, Orlando, for appellee.
SHARP, Judge.
Osceola County appeals from a judgment entered against it involving a construction contract. It argues the trial court erred in denying its claim for liquidated damages under the contract, in awarding prejudgment interest, and in failing to grant its motion to dismiss. We find no error as to the latter two points; but we reverse as to the first.
The County and Bumble Bee Construction, Inc., entered into a contract for the construction of a tourist information center in Osceola County. Bumble Bee sued the County for a balance due attributable to change orders and back charges which totalled $125,590.05. The County counterclaimed for liquidated damages under the contract. The contract provided that construction would be completed within 180 days, and thereafter the County would be entitled to $250.00 per day in damages, until the construction was substantially completed.
The jury found that the construction of the tourist center had been completed on May 20, 1981  a delay of 114 days. It is clear from the record and the amounts involved that the jury disallowed the contractor recovery of any sums for change orders, except for the only properly authorized change order involving paving work. It allowed that claim in full. A 21-day delay was undisputedly caused by this change order, and should be apportioned to the County as its fault.[1]
The County offered testimony at trial that the old tourist center in use pending completion of the new center was little more than a "shed." The County's asserted damages for the delay encompassed far more than the rent it paid on the old center. It claimed lost revenue arising out of the County's inability to attract tourists to the old tourist center. The record reveals that after the County moved to the new tourist center, the tourism volume "more than doubled." Further, there was testimony that tourist dollars heavily impact the community and increase revenue from the tourist development tax, although the exact monetary loss could not be ascertained.
We think the trial court's refusal to enforce the liquidated damage provision in this case was erroneous. A liquidated damages clause is enforceable if it is not so excessive as to constitute a penalty, and if damages resulting from failure to perform were not ascertainable at the time the contract was entered into by the parties. Hutchison v. Tompkins, 259 So.2d 129 (Fla. 1972). The case sub judice is a classic example for the enforcement of a liquidated damages clause. Damages were clearly incapable of being ascertained at the time the contract was entered into and the sum of $250.00 per day is not excessive under the circumstances.
Since the record and verdict in this case establish that the delay amounted to 114 days, and 21 days were directly attributable to the County for the paving job, we do not think it necessary to reverse and remand this cause for a new trial. The County is entitled to a set-off from the judgment of $23,250.00, based on a 93 day delay. This cause is therefore affirmed in part, reversed in part and remanded for entry of a final judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
COBB, C.J., and UPCHURCH, J., concur.
NOTES
[1] United States Fidelity & Guaranty Co. v. Orlando Utilities Comm'n, 564 F. Supp. 962 (M.D.Fla. 1983).